IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
KEITH RUSSELL JUDD,            )
                               )
     Plaintiff,                )
                               )
                               )     CIVIL ACTION NO.
     v.                        )       2:11cv437-MHT
                               )          (WO)
SECRETARY OF STATE OF          )
ALABAMA; and STATE OF          )
ALABAMA,                       )
                               )
     Defendants.               )
```

OPINION

Pursuant to 42 U.S.C. § 1983, plaintiff filed this lawsuit seeking a declaratory judgment and preliminary injunction to place his name on the ballot for the 2012 Democratic Party primary and asserting that felon disenfranchisement laws violate the United States Constitution and various federal voting-rights statutes. This lawsuit is now before the court on the recommendation and order of the United States Magistrate Judge that plaintiff's case be dismissed. Also before the court are plaintiff's objections to the recommendation and order. After an independent and de novo review of the record, the

court concludes that plaintiff's objections should be overruled and the magistrate judge's recommendation adopted.

The court adds these comments: Plaintiff's complaint should be dismissed pursuant to 28 U.S.C. § 1915(g) because of his history of frivolous litigation and his failure to pay the civil action filing fee at the time he filed this lawsuit.  Plaintiff contends that the "three strikes" provision of the Prison Litigation Reform Act (PLRA) is unconstitutional, in that it violates his right of access to the courts, his due process and trial by jury rights, and, also, because Congress usurped powers reserved to the judiciary in enacting it.  The Eleventh Circuit Court of Appeals has upheld § 1915(g) to constitutional challenges based on right of access to courts, separation of powers, due process, and equal protection. <u>Rivera v. Allin</u>, 144 F.3d 719, 732 (11th Cir. 1998), <u>abrogated on other grounds</u> <u>Jones v. Bock</u>, 549 U.S. 199 (2007).

Plaintiff further contends that the PLRA applies to only prison-conditions cases. Section 1915(g) does not, by its terms, limit its applicability to prison-conditions suits. It bars a prisoner with three strikes from proceeding <u>in forma pauperis</u> in "a civil action" unless the prisoner is under imminent danger of serious physical injury.

Plaintiff also argues that he is not a "prisoner" as defined in 28 U.S.C. § 1915(h), since he has not been convicted. This contention is false. The Fifth Circuit affirmed his 1999 conviction (Case No. 98cr93, W.D. Tex.) in 2001; plaintiff was sentenced to 210 months of confinement. Even if the contention were true, § 1915(h) includes detainees accused of violating criminal law within its definition of "prisoner." Plaintiff's objections are without merit.

An appropriate judgment will be entered.

DONE, this the 7th day of December, 2011.

                     /s/ Myron H. Thompson
                   UNITED STATES DISTRICT JUDGE